UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NOE HERNANDEZ-AVILES,

                 Petitioner,

– *against* –

THOMAS DECKER, *in his official capacity as Field Office Director, New York City Field Office, U.S. Immigration & Customs Enforcement*; CHAD WOLF, *in his official capacity as Acting Secretary, U.S. Department of Homeland Security*; *and* WILLIAM P. BARR, *in his official capacity as Attorney General, U.S. Department of Justice*,

                 Respondents.

**OPINION & ORDER**

20 Civ. 7636 (ER)

RAMOS, D.J.:

       When an immigration judge denied Noe Hernandez-Aviles bail during the pendency of his immigration proceedings in August 2020, it was Hernandez that was required to prove that he would neither flee nor pose a danger to his community. Because the Constitution demands that the Government bear that burden, the Court GRANTS Hernandez's petition for *habeas corpus* for a new bail hearing consistent with the requirements of procedural due process. It further directs that the immigration judge consider alternatives to detention and Hernandez's ability to pay when determining both whether he is a flight risk and whether he is a danger to the community.

**I.  BACKGROUND**

       Hernandez is a twenty-nine-year-old Mexican man who entered the United States nineteen years ago. Pet. ¶ 27, Doc. 1. In September 2012, Hernandez was granted work authorization through the DACA program. His status lapsed in November 2018 and has not been renewed. *Id.* ¶ 30.

       In October 2017, Hernandez was arrested in New York for driving while intoxicated and for criminal possession of a controlled substance. Pet. ¶ 33. In

December 2017, he was arrested again in New York for driving while intoxicated. *Id.* ¶ 34. During the pendency of his criminal cases, Hernandez participated in outpatient and inpatient substance abuse treatment programs. *Id.* ¶¶ 36–39.

In November 2019, Hernandez was taken into criminal custody. In February 2020 he was sentenced to one year in jail for the 2017 charges, ultimately completing his custodial term in July 2020. *Id.* ¶¶ 41–42. Immigration and Customs Enforcement detained Hernandez after his release at Orange County Jail in Goshen, and Hernandez was placed in removal proceedings at the Varick Street Immigration Court in Manhattan. *Id.* ¶ 42.

Hernandez appeared before an immigration judge on August 28, 2020, for a bail hearing pursuant to 8 U.S.C. § 1226(a). Pet. ¶ 44. Although his attorney argued that the Government should carry the burden to prove through clear and convincing evidence that Hernandez should be detained, the immigration judge placed the burden of proof on Hernandez. *Id.* After reviewing the record presented, the immigration judge ruled that Hernandez was not a flight risk. *Id.* ¶ 47. The judge did find, however, that Hernandez was a danger to the community, citing his two arrests, the details of his criminal activity, and issues with drug and alcohol abuse. *Id.* Accordingly, the immigration judge denied Hernandez bond. *Id.* Hernandez's immigration proceedings remain pending at this time. *Id.* ¶ 49.

II.     **APPLICABLE LAW**

Congress has authorized the Attorney General to arrest and detain aliens while they are being considered for removal. 8 U.S.C. § 1226(a). In non-criminal removal cases, like the one in this matter, the Attorney General may release the alien on a bond of a least $1500 or conditional parole. 8 U.S.C. § 1226(a)(2). The Board of Immigration Appeals has held that an alien may be released only if he is not a danger to the community, a flight risk, or a threat to national security. *Matter of Guerra*, 24 I. & N. Dec. 37, 38 (B.I.A. 2006); *see also Zadvydas v. Davis*, 533 U.S. 678, 690 (2001)

(observing that § 1226 has two goals: "ensuring the appearance of aliens at future immigration proceedings and preventing danger to the community" (internal quotation marks omitted)). Although the Attorney General's discretionary judgment regarding whether to grant bail is not subject to judicial review, 8 U.S.C. § 1226(e), the procedures by which he (or his designees) make that judgment are. *See Jennings v. Rodriguez*, --- U.S. ----, 138 S. Ct. 830, 841 (2018) (holding that § 1226(e) does not bar constitutional challenges to "the extent of the Government's detention authority").

In *Darko v. Sessions*, this Court held that the Due Process Clause of the Fifth Amendment to the U.S. Constitution requires that the Government "bear the burden of proving that detention is justified at a bond hearing," and that it do so by "clear and convincing evidence." 342 F. Supp. 3d 429, 436 (S.D.N.Y. 2018). In doing so, this Court joined the "consensus view that . . . [the Government] bears the burden of proving that such detention is justified." *Id.* at 435 (collecting cases). That view remains nearly unanimous today. *See Martinez Roman v. Decker*, No. 20 Civ. 6752 (AJN), 2020 WL 5743522, at *2 (S.D.N.Y. Sept. 25, 2020) (collecting cases).

### III. BURDEN OF PROOF IN THIS CASE

The parties agree that *Darko* is controlling in this case, should the Court choose to continue to adhere to its prior reasoning. The Court does. Accordingly, this Court finds that the placement of the burden of proof on Hernandez violated his right to Due Process under the Fifth Amendment.[1] The respondents are directed to provide Hernandez with a second bond hearing within seven days of this Opinion and Order, at which the Government bears the burden of proving, through clear and convincing evidence, that his continued detention is warranted. *See Darko*, 342 F. Supp. 3d at 436.

---

[1] Given that the Court has determined that the bail hearing violated the right guaranteed under the Fifth Amendment, the Court does not reach Hernandez's alternative arguments that the bail hearing failed to comport with § 1226(a) or the Administrative Procedures Act, 5 U.S.C. § 706(2). *See Darko*, 342 F. Supp. 3d at 432 n.1.

### IV.   CONSIDERATION OF DETENTION ALTERNATIVES AND ABILITY TO PAY

Hernandez additionally seeks an Order directing the immigration judge to consider alternatives to detention and his ability to pay if a monetary bond is set.  Pet. at 28.  Although the Government objects to this request *in toto*, it alternatively argues that detention alternatives and ability to pay should only be analyzed in determining whether Hernandez is a flight risk, rather than whether he is a danger to the community.

The Court disagrees.  In a civil detention proceeding, detention must be reasonably related to the Government's purpose for committing the detainee.  *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2018).  Given that the Supreme Court has upheld "preventive detention based on dangerousness *only* when limited to specially dangerous individuals and subject to strong procedural protections," *id.* (emphasis added), not considering alternatives to detention or ability to pay a bond would run afoul of the protections afforded by the Due Process Clause.  *Cf. United States v. Playboy Entm't Grp., Inc.*, 529 U.S. 803, 816 (2000) ("When a plausible, less restrictive alternative is offered to a" regulation burdening a constitutional right, "it is the Government's obligation to prove that the alternative will be ineffective to achieve its goals.").  Several other courts in this circuit have likewise found that immigration judges must examine alternatives to detention and ability to pay when determining both flight risk *and* dangerousness.  *See, e.g.*, *Martinez Roman*, 2020 WL 5743522, at *4; *Fernandez Aguirre v. Barr*, No. 19 Civ. 7048 (VEC), 2019 WL 3889800, at *5 & n.3;  (S.D.N.Y. Aug. 19, 2019); *Pucha Quituizaca v. Barr*, No. 20 Civ. 403 (LJV), 2020 WL 3166732, at *8 (W.D.N.Y. June 15, 2020); *Gutierrez v. Barr*, No. 20 Civ. 6078 (FPG), 2020 WL 2059845, at *3 (W.D.N.Y. Apr. 29, 2020).

The Government makes two arguments in response.  *First*, it claims that the dangerousness determination is an all-or-nothing affair.  The moment the immigration judge decides a detainee poses a danger to the community, the judge's analysis is over

4

and bail may be denied. In support, the Government cites *Carlson v. Landon*, in which the Supreme Court held that the detention without bond, "where there is reasonable apprehension of hurt from aliens charged with a philosophy of violence against this Government," is not a denial of due process. 342 U.S. 524, 542 (1952). But, as Judge Nathan observed when facing this precise argument, the Government "conflates the substantive due process question — whether an individual may be detained or denied bail — with the procedural due process question — whether that individual is entitled to a hearing in which the adjudicator considers all relevant facts to establish whether detention is in fact necessary." *Martinez Roman*, 2020 WL 5743522, at *4. In this case, *procedural* due process requires an examination of whether detention is necessary to safeguard the community, given available alternatives and the manner in which Hernandez presents a danger.

*Second*, the Government cites the Supreme Court case *Demore v. Kim* seemingly to suggest that the Due Process does not require the strictures the Court places upon the immigration judge in Hernandez's hearing. *See* 538 U.S. 510, 528 (2003) ("[W]hen the Government deals with deportable aliens, the Due Process Clause does not require it to employ the least burdensome means to accomplish its goal."). But the Court is not requiring the immigration judge to employ the *least* burdensome means to protect the community. Rather, the Court is requiring the Government to prove through clear and convincing evidence that detention is justified. *See supra* Part III. And, if there *is* a viable option short of detention such that the Government's case for detention is no longer clear and convincing, then the Fifth Amendment's guarantee of Due Process will have worked as designed.

V.   **CONCLUSION**

For the foregoing reasons, Hernandez's petition is GRANTED. Within seven days of the date of this Opinion and Order, the Government must provide Hernandez with a bond hearing before an immigration judge at which the Government bears the burden of

5

establishing, by clear and convincing evidence, that he poses a danger to the community or a flight risk. At this hearing, the immigration judge must consider alternative conditions of release and Hernandez's ability to pay with respect to both dangerousness and risk of flight. Should the Government fail to provide Hernandez with such a bond hearing within seven days, it must immediately release him.

It is SO ORDERED.

Dated: October 1, 2020
       New York, New York

                                                    _____
                                                    EDGARDO RAMOS, U.S.D.J.